IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 16 2021

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

| | |
|---|---|
| Victor Coates. | ) |
| Plaintiff | ) |
| | ) CASE NO. 4:21-cv-822-BSM |
| Vs. | ) |
| Arkansas Secretary of State Mark Martin; Arkansas Secretary of State, John Thurston; Judith Crouch; Ben ellis; Kerry Baldwin Jucas; Susan Carter; Kelly Boyd | ) This case assigned to District Judge Miller and to Magistrate Judge Kearney |
| Defendants | ) |

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Comes the plaintiff, Victor Coates, by and through counsel and for his complaint against the defendants states:

1. This is a complaint against the defendants based on various types of employment discrimination suffered by the plaintiff, including but not limited to, hostile working environment; age and racial discrimination based on failure to promote, desperate treatment and ultimately termination. Plaintiff also seeks damages for claims based on breach of

contract and breach of an EEOC mediation agreement, the Americans with Disabilities Act and its implementing regulations, Plaintiff seeks monetary and non-monetary damages.

2. To the best of plaintiff's knowledge and belief the plaintiff and all named defendants were residents of the state of Arkansas at the time the operative events in this case occurred. Specifically plaintiff and defendants were residents of this federal Judicial District and Division.

3. Plaintiff brings this case pursuant to title VII of the Civil Rights Act of 1964, the Age Discrimination in Dmployment Act of 1967, the Americans With Disabilities Act of 1990 (for which he has obtained a right to sue letter from the EEOC) and its implementing regulations (Specifically but not limited to 28 CFR Part 35 and 29 CFR Parts 1630 and 1602), the Rehabilitation Act of 1973 as amended, 29 U.S.C. §794 (Nondiscrimination under Federal Grants and Programs) and any implementing regulations in the Code of Federal Regulation construing or implementing one or more of these Acts.

4. Defendants, individually and collectively, discriminated against the plaintiff on the basis of race, gender, age and disability or perceived disability. The discrimination included failure to hire at the beginning of a new administration, failure to promote, failure to accommodate

disability, unequal terms and conditions of employment, retaliation, a pattern and practice of harassment, repeated denial of the Interactive Process, failure to provide agreed-upon accommodations and conditions, and termination of employment.

5. Plaintiff was employed with the Arkansas Secretary of State's office primarily as a photographer from 2002 through December 2018 when he was wrongfully terminated. All wrongful acts complained of occurred within the applicable statute(s) of limitation.

6. As the result of a non-job-related medical condition plaintiff became permanently disabled on March 14, 2010. Although his disabilities were permanent, plaintiff was able to return to work at the Secretary of State's office under the administration of Mark Martin. Shortly after his return to work, plaintiff realized his private medical information appeared to have been shared with his coworkers after he had been harassed and coerced into signing documents that among other things gave Judith Crouch access to his medical records. Upon realizing he had given such authorization, plaintiff promptly took steps to revoke it and filed a complaint with the EEOC which ultimately resulted in the parties entering into a mediation agreement between plaintiff and the Secretary of State's office.

7. Plaintiff's supervisor, Terri Davidson, failed to respond to or completely ignored requests from plaintiff for accommodations and use of the interactive process, which were part of the mediation agreement. During this time, plaintiff was also denied opportunities for additional job training and other opportunities available to his coworkers. He was also denied ready access to updated equipment necessary to do his job.

8. During the same period of time plaintiff was moved to several different workspaces and ultimately forced to work from his home without being given necessary and equipment and supplies to do his job.

9. At the time these events took place, plaintiff was the only African-American male in his department. He was also the only person with a known disability and like others in his department was over the age of 40 the time of his termination.

10. Plaintiff was denied the opportunity to meet with the incoming newly elected Secretary of State, John Thurston in order to reapply for his job and to be retained by the incoming administration. However, other employees in his department were given an opportunity to meet with the new administration for the same purposes.

11. Between the onset date of this these discriminatory practices and his termination, plaintiff resorted to the EEOC on more than one occasion

and utilized the disability rights of Arkansas office to pursue fairness in his workplace.

12. The letter to plaintiff dated December 7, 2018 terminating his employment was signed by Kelly Boyd and was in retaliation for plaintiff's filings with the EEOC to obtain and enforce reasonable accommodations necessitated by his disability.

13. As part of the mediation agreement between plaintiff and defendant, plaintiff's occupational therapist was to be allowed to assist him and to have input into his working condition and assignments.  Susan Carter and Kerry Jucas failed or refused to abide by these terms by disregarding the agreement and the advice of plaintiff's occupational therapist. This conduct on but the part of Carter and Jucas as well as Kelly Boyd and others within the department served to create a stressful, hostile and continuous working environment as a result of their repeated and intentional behavior toward the plaintiff.

14. Prior to being terminated, plaintiff was also demoted wrongfully. In addition to being part of the aforementioned hostile working environment, this demotion also violated one or more of the aforementioned acts or statutes, including but not limited to, the Americans With Disabilities Act.

15. As previously mentioned, plaintiff has sought relief regarding some of these matters from the EEOC. On or about April 9, 2019, the EEOC issued a notice of right to sue letter to plaintiff. Plaintiff also states more than 60 days of elapsed since the filing of his charge of age discrimination with the EEOC. Him

16. As a result of the aforementioned conduct, plaintiff is seeking reinstatement of his employment, the payment of salary and benefits he would have received but for his wrongful termination (including pre-and post judgment interest), damages over and above accrued salary and benefits as allowed for in the statutes violated by the defendants, money damages for breach of contract and other behavior of the defendants covered by state law, a reasonable attorney's fee and the reimbursement of costs and for all other just and proper relief.

17. Plaintiff seeks a jury trial.

WHEREFORE, Plaintiff seeks reinstatement of his employment, the payment of salary and benefits he would have received but for his wrongful termination (including pre-and post judgment interest), damages (in an amount exceeding that required to qualify for federal jurisdiction in diversity of citizenship cases) over and above accrued salary and benefits as allowed for in the statutes violated by the defendants, money damages for breach of

contract and other behavior of the defendants covered by state law, a reasonable attorney's fee and the reimbursement of costs and for all other just and proper relief.

Respectfully Submitted,

*[signature]*

Steven R. Smith, ABN 91177
15300 Kanis Road
Little Rock, AR 72223
(501) 909-1468
Fax: (501) 325-8300
ssmithlr@netzero.net